Todd & Rafferty v. Hoagland et al.

JOSEPH TODD AND PHILIP RAFFERTY, PARTNERS, &c., v. THEODORE F. HOAGLAND, LUTHER AND MARTIN L. VANDERVEER, AND AARON L. GREEN.

1. A sheriff is bound to exercise reasonable care and judgment in the management of his sales, so that the property levied on may be sold to the best advantage to make the money, subject, of course, to all the requirements of the statutes affecting sheriffs' sales.

2. If there is a failure of bidders, or the circumstances of the sale are such as to show that the property will be sold for a price unreasonably inadequate to what it ought to bring at a sheriff's sale, it is the duty of a sheriff, unless otherwise ordered, and where the creditor is likely to be benefited, to adjourn the sale for another opportunity.

3. It is the duty of a sheriff to make the money on an execution, if by fair judgment and skill it can be done according to the modes provided by the law. His discretion should be liberally considered in the absence of bad faith, yet, the sheriff is responsible for a clear neglect of its proper exercise to the measure stated.

4. The mere fact of the non-return of an execution is not sufficient to justify an amercement, yet if an inventory should be filed, there being goods upon which it might operate with effect, the fact that there is none filed is ground for amercement.

On motion to amerce the sheriff of Somerset county.

Argued at June Term, 1873, before Justices BEDLE, WOODHULL and SCUDDER.

For the motion, *A. V. Van Fleet.*

The opinion of the court was delivered by

BEDLE, J. The sheriff is bound to exercise reasonable care and judgment in the management of his sales, so that the property levied on may be sold to the best advantage to make the money, subject, of course, to all the requirements of the statutes affecting sheriffs' sales. If there is a failure of bidders, or the circumstances of the sale are such as to show that the property will be sold for a price unreasonably inadequate to what it ought to bring at a sheriff's sale, it is the duty of the sheriff, unless otherwise ordered, and where the creditor is likely to be benefited by it, to adjourn the sale for another opportunity. His duty is to make the money on

the execution, if by fair judgment and skill it can be done according to the modes provided by the law. His discretion should be liberally considered in the absence of bad faith, yet the sheriff is responsible for a clear neglect of its proper exercise, according to the measure stated. *Shearman on Negligence*, § 532; *Addison on Torts* 626; *Crocker on Sheriffs* 488; *Wright* v. *Child, L. R.*, 1 *Exch.* 354.

Where there are two or more executions, the same principles will apply, having a due regard to the interests of all the plaintiffs, and so as to make the money for all, if it can be done.

In the case before us, the *fi. fa.* came to the hands of the sheriff June 1st, 1871, and a levy was made June 3d, upon a stock of goods in a store kept by the two defendants, Vanderveers, at Rocky Hill.

The plaintiffs and their attorney resided at Paterson. The sheriff, previous to June 1st, had made a levy on the same goods, under an execution on a judgment confessed by the Vanderveers, to one Cornelius M. Vreeland, for $2000 and $5 costs. The amount of the plaintiffs' execution was $588.85, including debt and costs. At the date of the plaintiffs' levy, the amount of the two executions, besides sheriff's fees, was about $2612.

The stock of goods levied on had cost about $4000. From June 3d to July 17th following, the sheriff allowed the two defendants to continue their business as usual, he not receiving any of the proceeds of their sales.

On July 17th he took possession by appointing John P. Suydam his deputy and leaving him in charge of the store, he to receive the money for what sales were made, and to account to the sheriff for it. Suydam was then the owner of or had control of the Vreeland judgment, and from the testimony was evidently friendly to the Vanderveers, the sheriff understanding that fact. The sheriff advertised the sale for July 22d, but having neglected to inform Todd and Rafferty, or their attorney, he adjourned it to July 25th. After that, on July 22d, he telegraphed to plaintiffs' attorney that the

sale would take place on the 25th, but the message did not reach there until the morning of the 23d. On the 24th the plaintiff, Todd, went to Somerville, reaching there at twelve o'clock, but not being able to find the sheriff till five o'clock that afternoon, when he requested the sheriff to postpone the sale on account of a want of sufficient notice to him, so that he could get competent persons to examine the goods and ascertain their value. The sheriff refused. Todd remained there over night and attended at the place of sale, having that morning again requested the sheriff to postpone for a few days; Todd offering to pay the expenses of advertising again, and also that he would give the sale all the publicity possible by handbills. The sheriff again declined to adjourn, and the sale went on. The bidders were few, and Suydam bought the most of the goods. It is clear that an adjournment for a short time would not have prejudiced Suydam in making his money, if that was his only purpose, and it is more than probable from the evidence that it would have enabled Todd and Rafferty to have realized part if not the whole of their claim. The goods were needlessly sacrificed, having sold for not more than one half of their cost, and the sale appears to have been conducted in the interests of the first execution creditor, if not of the defendants, and without a due regard to the plaintiffs in this case. The sheriff should have adjourned the sale as requested, as there was fair reason to believe that part, if not the whole, could have been made on the second execution, and when there was no risk of any loss to the first execution creditor by the delay. This duty was also more imperative from the fact that without any authority from Todd and Rafferty or their attorney, the sheriff had allowed the Vanderveers to continue their trade without interference, and without giving any information of the condition of the execution till June 20th, when he wrote to plaintiffs attorney of the fact of the first execution, and gave his opinion that the Vanderveers would pay if left alone, they needing only a little time, and to which the attorney replied, within a week afterwards : " Do the best you can for

my clients." From this the sheriff knew that the plaintiffs were depending upon his judgment as to the time of enforcing the levy, and when pressed under the first execution, or when he concluded to sell, he should have given the plaintiffs a fair chance to obtain their money from the sale. How far that reply of the attorney may relieve the sheriff from responsibility for the reduction of the stock between the levy and the time he took possession, less the amount that it was replenished by purchases, need not be determined; it is sufficient, however, to state that it could not relieve the sheriff from his official duty in regard to the conduct or management of the sale. In that respect, by refusing the adjournment under the circumstances, he failed in his duty.

Another point is also made, that the sheriff did not comply with the statute in filing a just and true inventory. The *fi. fa.* was returnable at the June Term, 1871, but was not returnable when this motion to amerce was made. Since then it has been produced with the return *nulla bona*. There accompanies the writ a general levy upon the goods, but not of sufficient particularity to amount to the inventory required by the law. *Watson* v. *Hoel, Coxe* 136; *Hustick* v. *Allen, Ib.* 168; *Lloyd* v. *Wyckoff,* 6 *Halst.* 218. That levy seems to have been kept by the sheriff in his docket, and must have been annexed to the writ during the progress of these present proceedings. The inventory would have been immaterial to the plaintiff had it been entirely clear that nothing could have been made under the second execution, but when it did not so appear, it was the duty of the sheriff to make his inventory, for it is an advantage to, and the right of subsequent judgment creditors to know, with reasonable accuracy, what property there is from which the money may possibly be made. The mere fact of the non-return of the writ is not sufficient to justify an amercement, yet if an inventory should be filed, there being goods upon which it might operate with effect, the fact that there is none filed is ground for amercement. In this case the sheriff was bound to return his writ

with the inventory, unless that duty was dispensed with by the plaintiffs' attorney.

The only fact bearing on that claimed by the sheriff is the letter of the attorney, and I cannot see how that, with a liberal construction, can have more effect than to permit the sheriff to exercise *his* discretion (not the plaintiffs',) as to the propriety of an immediate sale, and perhaps as to taking actual possession of the goods. Beyond that, it was the duty of the sheriff to perfect his levy, and furnish the full evidence of it, by the inventory required by the statute.

The sheriff must be amerced in the amount of the plaintiffs' execution, with costs.

Judgment affirmed, 8 *Vr.* 544.