THEODORE F. HOAGLAND ET AL. v. JOSEPH TODD AND PHILIP RAFFERTY, PARTNERS, &c.

1. A sheriff cannot be amerced for a failure to return an execution and file an inventory on or before the return day of the writ. Nor for refusing to grant an adjournment of his sale.
2. But he may be amerced for neglecting to execute his writ, and any misconduct which substantially deprives the party of the substantial benefit of such writ is such neglect.
3. *Held*—the sheriff was properly amerced, because, after levy, he permitted the defendant in execution, being a store-keeper, to continue selling the goods taken in execution.

On error to the Supreme Court.

For former proceedings in this case, see 7 *Vroom* 352.

For the plaintiffs in error, *Vanatta*.

For the defendants in error, *Van Fleet*.

Hoagland v. Todd & Rafferty.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a motion, made to the Supreme Court, to amerce a sheriff, by force of the 22d section of the act relating to such office, which is in the following words, viz.: " If any sheriff or coroner shall neglect or refuse to execute any writ of execution to him directed, and which hath or shall come to his hands, or, where the execution shall be by *fieri facias*, shall neglect to file a just and true inventory of the goods and chattels, lands and tenements, so taken in execution, unless such sheriff or coroner return that he hath levied to the value of the debt or damages and costs, or shall voluntarily or negligently omit, for the space of two months, rendering to the plaintiff or plaintiffs, &c., the money which he shall have received from the sale of the estate, real and personal, of the defendant, or otherwise, he shall be amerced in the value of the debt or damages and costs, to and for the use of the said plaintiff," &c.

The first cause assigned for bringing the officer within the penal infliction of this act is, that he refused to adjourn the sale at the request of the plaintiffs, and thereby brought about a sacrifice of the property under levy.

The property in question was under execution by virtue of two writs in the hands of the officer, and was duly advertised for sale under both of these precepts—the plaintiffs' execution being one of them, and the younger of the two. The sheriff, therefore, was under no legal obligation to adjourn the sale at the instance of the plaintiffs, it being a matter clearly confided to his discretion. He was bound to consider the interests of all the parties connected with the affair, and from all the facts, taken in this view, to decide what was proper to be done. Sometimes, in such matters, the claims of the parties are so conflicting, and the justice of such claims is so nearly balanced, that it becomes difficult to say whether the sale should be postponed or not. The decision of the question, therefore, the law has, almost of necessity, left with the officer executing the writ. It is a power confided to his discretion—an authority which, like all other functions with

which he is clothed, is to be fairly and honestly exercised, so as to promote and protect the interests and rights of all persons concerned. That the officer, for an improper use of this authority, in an extreme case of fraud, or of a wanton disregard of the rights of a party, may be responsible for the injury, is highly probable. But he cannot be *amerced* for an alleged abuse in the exercise of this discretionary power. Such misconduct does not fall within either of the three classes of wrongs enumerated in the statute. The effort on the argument was to identify it with the offence specified in the act of neglecting or refusing to execute the writ. But these words will not bear such an interpretation. They do not embrace, if the widest practicable signification be given to them, all acts of official misconduct in the execution of the writ. To refuse an adjournment, is not either a refusal or a neglect to execute the writ. The language is clear, and it includes the class of offences in question; but if the language was of doubtful meaning, it is not probable that a different result would follow. It could hardly be supposed that it was the design to have such difficult questions of fact as alleged frauds in the exercise of the discretion to grant or refuse adjournment of sales, to be investigated and decided in this summary mode.

Nor do I think the second impeachment of the conduct of this officer is well founded. The reason for this conclusion is, that the evidence does not sustain the inculpation, which was the officer's neglect to file an inventory. It is a part of the admissions forming the case, that the execution in question had not been returned. Until this is done, there is no rule of law requiring the officer to file an inventory. The statute does not prescribe the time for doing this act, and the obligation consequently is left to be regulated by the time of the return of the writ, to which it is a mere appendage. The non-return of the writ, as has been already held in this state, is not ground for an amercement. *Waterman* v. *Merrell*, 4 *Vroom* 378; *Ritter* v. *Merseles*, 4 *Zab.* 627. The officer is liable to an action for a failure to return his writ in accord-

ance with its command, or by rule of court, he can be compelled to perform his duty in this respect; and upon making such return, he renders himself liable to amercement, unless he accompanies it with an inventory, save when, as the statute directs, he returns that he hath levied " to the value of the debt, or damages and costs." If, therefore, the plaintiffs in this case, wanted an inventory, they should have ruled the sheriff to make a return to his writ. Upon the argument before us, it was agreed by counsel on both sides, that the writ and return, which are alluded to in the opinion read in the Supreme Court, are not to be regarded as being in the case ; they, therefore, have not been considered by this court. All that appears, on this head, to have been neglected by the officer, was, to return his execution, with a proper inventory, on or before the return day mentioned in the writ. As already stated, this does not subject the sheriff to the penalty denounced in the section in question.

The third and last complaint against the proceedings of the sheriff is, that he permitted, after the receipt of the complainant's execution, the goods levied on, to remain in the possession of the defendants in execution, with the knowledge that they were selling such goods in their store, in the usual way.

The inquiry arises : Was this a neglect to execute the writ, within the meaning of the statute?

I have already said, that in my opinion, it is not every failure to perform his duty, on the part of the sheriff, in the execution of the *fieri facias,* that will constitute this statutory offence. If the officer should fail from carelessness or oversight, to levy upon, or to sell, a few articles of small value, it would be absurd to say that such omission is the misconduct at which the penalty of the act is aimed. And on the other hand, it would be equally irrational to maintain, that the levying upon, or sale, of a few articles out of many, would be such a compliance with his duty as would exempt him from such penalty. The true ground is that lying between these extremes. If the neglect of the officer has been such as

to deprive the party complaining of the substantial benefit to which he was entitled and which, but for such neglect, he would have obtained by means of his execution, then, within the statutory sense, there has been a neglect to execute the writ. It does not seem to me that a more definite criterion than this can be adopted ; the materiality of the neglect must be passed upon as the cases arise. We have no light, on this particular point, from the cases, although the section is an old one, having been passed as early as 1788. It is to be found in Paterson's Laws, as it now exists. *Pat.* 204, § 22. The early decisions touching the analogous duty of filing an inventory appear, however, to have been made in the spirit of the rule above propounded. In *Watson* v. *Hoel*, reported in *Coxe* 136, the inventory filed by the sheriff, recited a levy upon a few specified articles, and concluded with a general statement that a levy had been made " upon all the household goods," &c. The sheriff, in this instance, was amerced, and justly, as it was obvious that the plaintiff in execution, by the breach of duty of the officer, was deprived of the substantial right which the law gave him. But there can be no doubt that if there had been a detailed enumeration of most of the articles levied on, and the defect had consisted of a descriptive aggregation of a few articles of but little importance, the decision would have been the other way. In the latter event, the party would have got all, in substance, that he was, in law, entitled to, and would have had no just ground of complaint.

In view of the rule thus defined, did this officer neglect to execute this writ, so far as the rights of these plaintiffs were concerned ? The Supreme Court have answered this inquiry in the affirmative, and I agree in that conclusion. It was a plain breach of duty in the officer to allow sales to be made by the defendants in execution, after he had the goods under levy. This was continued for over a month and a half, with the knowledge of the officer. During this period he applied, more than once, for the proceeds of these sales, and although he failed to get any part of the moneys, he permitted this

state of affairs to continue. There is no way of ascertaining to what these sales amounted. The evidence on the subject is altogether loose and unreliable; but that the amount was considerable, there can be no doubt. If the property thus unlawfully abstracted, had been properly applied on the first execution, it is probable that these plaintiffs, by using reasonable exertions, might have made the residue of the things levied on bring a price that would have satisfied their own claim. At all events, the proofs seem to show that here was a gross breach of duty, which was attended with consequences, the natural operation of which was to deprive the plaintiffs of any fair chance to realize their claim by force of these proceedings, and on this account, it seems to me it was rightly held that, so far as the plaintiffs were concerned, there was a neglect to execute this writ.

I think the judgment should be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, KNAPP, VAN SYCKLE, CLEMENT, DODD, GREEN, LATHROP, LILLY. 10.

*For reversal*—None.