FIDELITY UNION BANK, PLAINTIFF, v. GEORGE A. TRIM, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Monmouth County

Decided August 28, 1985.

*Sanford Silverman* for defendants Factors and Note Buyers, Inc.

*James M. McGovern, Jr.* for Leon Smock (*Abramoff, Fox, Zaro & McGovern,* attorneys).

*John A. Haulenbeek* for plaintiff Fidelity Union Bank (*Klatsky & Klatsky,* attorneys).

*Mark F. Saker* for Sheriff of Monmouth County (*Richard T. O'Connor,* attorney).

McGANN, J.S.C.

■ If a sheriff wishes to impose a condition that only cash or a certified check will be accepted to satisfy the deposit required of the successful bidder at an execution sale, must he place that requirement in the published notice of sale? The holding, here, is that he must.

The undisputed facts are as follows. Fidelity Union Bank duly foreclosed on a first mortgage loan it held on property of the first-named defendant located in the City of Long Branch. Factors and Note Buyers, Inc. held a subordinate mortgage lien on the property; was a named defendant and through its attorney, Sanford Silverman, filed a noncontesting answer in

the foreclosure action. Final judgment was entered on April 10, 1985.

The writ of execution directed the Sheriff of Monmouth County to sell the property to satisfy the plaintiff's judgment of $38,397.05 plus interest and costs and to deposit any surplus monies with the Clerk of the Superior Court to abide further order.

The sale was duly advertised for June 17, 1985, at 2:00 p.m. A copy of the notice was sent by the sheriff to, among others, Factors and Note Buyers, Inc. *See R.* 4:65-2. After describing the property to be sold, the notice contains this concluding paragraph:

> The approximate amount of the judgment to be satisfied by sale is the sum of $40,757.00 together with the costs of this sale. The Sheriff hereby reserves the right to adjourn this sale without further notice.

The sale was adjourned to July 15, 1985. At 2:00 p.m. the sale in this matter was announced by the sheriff. At that time he also read off terms of sale which included a requirement that the successful bidder post a 20% deposit by certified check or cash. Sanford Silverman was present and prepared to bid on behalf of his client. He advised the sheriff that he would post the 20% deposit, if he was the successful bidder, by means of his attorney's account check. The sheriff replied that he would accept nothing but cash or a certified check. The sale proceeded. Leon Smock bid $75,000. Silverman bid $75,500 on behalf of his client, Factors and Note Buyers, Inc. The sheriff refused that bid and struck the property off to Smock for $75,000. Smock paid the 20% deposit in accordance with the sheriff's requirements.

It is an accepted fact that telephone inquiry to the sheriff's office prior to the sale by an interested bidder would have elicited a response setting forth the same terms as announced by the sheriff immediately prior to the auction.

█ The authority of a sheriff to sell real estate is contained in *N.J.S.A.* 2A:61-1. That statute is silent as to whether the

sheriff may impose conditions on such sale. The parties to this action do not challenge the right of the sheriff to impose reasonable conditions for payment of the amount bid, nor do they question the reasonableness of the conditions actually imposed. Common sense dictates that for the orderly conduct of his business the sheriff, as does any auctioneer, has the right to impose reasonable terms of sale on prospective bidders. However, because the sales he conducts under *N.J.S.A.* 2A:61-1 *et seq.* are public sales, the public is entitled to know those conditions.

The purpose of the publicly advertised sale is to secure the highest and best price in cash. *Froehlich v. Walden,* 66 *N.J.Super.* 390, 395 (Ch.Div.1961); *Todd & Rafferty v. Hoagland,* 36 *N.J.L.* 352 (Sup.Ct.1873), aff'd 37 *N.J.L.* 544 (E. & A.1875). That salutary purpose, inuring as it does to the benefit of holders of encumbrances and the owner, is frustrated when interested bidders are confronted at the auction with conditions not contained in the public advertisement. It serves no purpose to argue that a prospective bidder must place a telephone call to the sheriff's office before attending the advertised sale. The public notice does not alert him that such a call is necessary.

In short, there is no reason why the conditions should not be published and every reason why they should. The sheriff has discretion to decide what terms are reasonable to set regarding the payment of the cash price bid. However, once he makes that decision, those terms must be published.

Accordingly, the sale conducted on July 15, 1985 is set aside. An order will be entered directing that the property be readvertised and resold in accordance with *N.J.S.A.* 2A:61-1, *et seq., R.* 4:65 and this opinion.

Costs of the original advertising shall be borne by the sheriff.